**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00297-MR-WCM**

| | | |
|---|---|---|
| **SHARONDA SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **DEBRISTECH, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 5] and the Magistrate Judge's Memorandum and Recommendation [Doc. 11] regarding the disposition of the Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the above-referenced motion and to submit a recommendation for its disposition.

On May 6, 2026, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Motion to Dismiss be granted in part and denied in part. [Doc. 11 at 13]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation

were to be filed in writing within fourteen (14) days of service. [Id. at 14]. On May 20, 2026, the Defendant filed an objection requesting that the Court reject the Magistrate Judge's recommended disposition and dismiss the Plaintiff's N.C. Gen. Stat. § 95-28.2 claim. [Doc. 12]. On June 11, 2026, the Plaintiff filed an objection requesting that the Court reject the recommended disposition and deny the Motion to Dismiss as to the defamation and intrusion upon seclusion claims. [Doc. 17].[1]

The Plaintiff's objection also contains a request for leave to amend the Complaint. [Doc. 17 at 5]. The Plaintiff's request is denied. The Plaintiff had twenty-one days from the filing of the Defendant's Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendant in its motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend her Complaint within the time required. Having failed to amend her Complaint and to address the deficiencies identified by the Defendant, the Plaintiff left the Court with no option but to address the Defendant's motion on its merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The

---

[1] The Plaintiff's objection was not timely in that it was filed nineteen days past the deadline set forth in the Memorandum and Recommendation of the Magistrate Judge. The Court has nonetheless addressed the issues raise therein.

Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend her Complaint. See Laschober v. Ammons, No. 1:21-cv-00107-MR-WCM, 2022 WL 822165, at *2 (W.D.N.C. Mar. 18, 2022). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiff's request to amend her Complaint is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court overrules the objections and accepts the Magistrate Judge's recommendations that the Motion to Dismiss be granted in part.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 11] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 5] is **GRANTED IN PART** and **DENIED IN PART.** The Motion is **DENIED** as to the N.C. Gen. Stat. § 95-28.2 claim. The Motion is **GRANTED** as to all other claims.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend contained in her Objection is **DENIED**.

3

**IT IS SO ORDERED.**

Signed: June 13, 2026

Martin Reidinger
Chief United States District Judge